UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| GLENDRICK GARDNER, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:25-cv-00007-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| RUSSELL SCOTT, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

Plaintiff Glendrick Gardner is a resident of Lexington, Kentucky. Gardner has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion to proceed *in forma pauperis*. [R. 2.] The Court has reviewed Gardner's submissions, and will dismiss this action without prejudice for the reasons explained below.

First, Gardner's motion to proceed *in forma pauperis* is insufficient. Gardner completed only the two-page "short form" application rather than the six-page version [Form EDKY 519], which is designed for use by plaintiffs who are not incarcerated. [R. 2.] The form Gardner completed does not provide the Court with sufficient information to adequately assess his ability to pay all or part of the filing fee. And Gardner failed to complete the form he did file: he asserts that he has no income and no expenses, which is plainly incorrect. He concludes with the assertion that one of the defendants implanted a "[t]racking device to pick Mr. Gardner's mind." *Id*. at 2.

Second, Gardner's complaint is fatally deficient. Gardner did not file his complaint on a form approved for use by this Court, as required. *See* LR 5.3(a)(2). Gardner also names eleven different defendants in his complaint. [R. 1-1 at 1-2.] However, the claims against the various

defendants are not related to one another, and therefore cannot be joined in a single complaint. *See* Fed. R. Civ. P. 18(a), 20(a); *Wheeler v. Wexford Health Sources, Inc.*, 689 F. 3d 680, 683 (7th Cir. 2012).

More fundamentally, Gardner fails to make meaningful or comprehensible allegations against any of the defendants. For example, he names the Lexington-Fayette Urban County Government and its Police Department as defendants, but notes only that he has been charged with assault; he does not assert any claims against these defendants. [R. 1-1 at 2.] Notably, the referenced charges remain pending. *See Commonwealth v. Gardner*, No. 24-M-04525 (Fayette Cir. Ct. 2024). Nor does he make factual allegations or assert legal claims against named defendants Walmart Pharmacy or the Social Security Administration in disregard of the "short and plain statement" requirement of Rule 8(a) of the Federal Rules of Civil Procedure.

Finally, with respect to the remaining seven defendants, Gardner is prohibited from re-asserting claims against them that this Court has repeatedly dismissed in prior lawsuits. Since 2020 Gardner has filed, and lost, five prior civil cases asserting functionally identical claims against these defendants arising out of a work-related injury he suffered in 2015.[1] Following the dismissal of the last of these cases, the Chief Judge of this Court ordered that:

> Plaintiff Glendrick Gardner may not file any further litigation related to the denial of his workers compensation claim following his 2015 injury unless he obtains prior permission from the undersigned. Any filings from the plaintiff that do not comply with this requirement will be summarily dismissed and stricken from the docket.

---

[1] *See Gardner v. Scott*, 5:20-CV-456-JMH (E.D. Ky. 2020), *appeal dismissed*, No. 21-5360 (6th Cir. 2021); *Gardner v. Lexington Fayette Urban County Government*, No. 5:21-CV-175-DCR (E.D. Ky. 2021), *aff'd*, No. 21-5941, 2022 WL 1039608 (6th Cir. Mar. 9, 2022), *cert. denied*, No. 22-5120 (Oct. 3, 2022); *Gardner v. Lexington Fayette Urban County*, No. 5:23-CV-57-KKC (E.D. Ky. 2023), *appeal dismissed*, No. 23-5361 (6th Cir. June 22, 2023); *Gardner v. Risk Management Service Company*, No. 5:23-CV-158-DCR (E.D. Ky. 2023); *Gardner v. Risk Management Service Company*, No. 5:23-CV-162-DCR (E.D. Ky. 2023).

*See Gardner v. Risk Management Service Company*, No. 5:23-CV-162-DCR (E.D. Ky. June 15, 2023) [R. 10 therein at 2.][2] Notwithstanding the referenced Order the complaint in this action was properly docketed as a new civil action, if only because it asserted claims separate from those subject to the filing restriction. However, Gardner did not obtain permission from the Chief Judge of the Court to assert these previously-adjudicated claims, which have long been barred by principles of claim preclusion. They will therefore be summarily dismissed.

In light of the litigation history described above, the Court will order Gardner to show cause why the Court should not impose more stringent filing restrictions. Through his filing of the present case, his sixth, Gardner has made clear his intent to continue to assert claims that have long been dismissed. And after the Chief Judge expressed his intention not to consider new filings in Case No. 23-62-DCR, Gardner's subsequent filing of dozens of new documents made plain that he refused to accept the dismissal of his claims. Such behavior warrants sanctions to deter such conduct. *Cf. Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.'").

A district court has inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). That authority permits the Court to deny a plaintiff *pauper* status, *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992), require him to pay another party's attorneys fees, *First Bank of Marietta*

---

[2] After Gardner continued to file motions in that closed case, the Court directed that all further filings be docketed as correspondence. *See* [R. 19 therein.] In the eighteen months following entry of that Order, Gardner has filed forty (40) more lengthy and convoluted documents. *See* [R. 20-59 therein.]

3

*v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002), or for the most obstinate litigants, require prior permission from the Court before any new lawsuit or motion may be filed. *Filipas v. Lemons*, 835 F. 2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F. 3d 222, 224 (6th Cir. 1989).

Such sanctions appear warranted here. The Sixth Circuit has affirmed the use of such sanctions upon an appropriate showing. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("... it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). If the Court determines that such sanctions are warranted, it anticipates entry of an Order:

(1) directing the Clerk to file all future submissions in this case (except a notice of appeal) as miscellaneous correspondence; and

(2) requiring Gardner, before filing ***any*** new civil action in this Court, to obtain and file a signed statement from an attorney who is a member of the Kentucky Bar Association and who is admitted to practice law before this Court which certifies that the complaint Gardner wishes to file complies with all requirements of the Federal Rules of Civil Procedure, and specifically with Rules 8 and 11.

However, due process requires that before such sanctions are imposed, Gardner is entitled to be heard. *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962); *Metz v. Unizan Bank*, 655 F. 3d 485, 490 (6th Cir. 2011) ("... parties should be given notice of the possibility of inherent power sanctions so that they 'can present to the district court those rules or statutes that may be more appropriate.'"). Accordingly, the Court will afford Gardner an opportunity to file a response, whether to offer an explanation for his conduct in mitigation or to interpose factual or legal objections to the proposed restriction.

Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1. Gardner's complaint [R. 1] is **DISMISSED**, without prejudice;

2. All pending motions are **DENIED** as moot;

3. This matter is **STRICKEN** from the active docket;

4. Within twenty-one (21) days, Gardner is directed to **SHOW CAUSE** by filing a written response stating why he believes the Court should not impose the filing restrictions described above; and

5. The Court will impose the sanctions described above if Gardner fails to file a timely response or files a response that does not identify factually and legally sufficient grounds why the restriction should not be imposed.

This the 17th day of January, 2025.

Gregory F. Van Tatenhove
United States District Judge